THE STATE OF KANSAS. v. J. W. GREGORY.

CLAIM AGAINST COUNTY — *Presenting False Account — Indictment for Perjury.* An indictment which charges that the defendant named therein made out an account against Finney county for $1,551.05 in favor of himself, and attached thereto a statement that the charges are the legal and ordinary charges for the services named therein; that credit has been given the county for all payments and offsets to which it is entitled; and that the account is just, correct, is due and unpaid, which statement was sworn to before the county clerk of said county, and the account was then filed in his office by said defendant, to be presented to the board of county commissioners for their action thereon when they should meet; and also alleges that the charges therein were not the legal and ordinary charges for such services, but were greatly in excess of the legal and ordinary charges for such services; that credit had not been given the county on said account for payments made and offsets to which it was entitled; that the account was not true, correct, due, and unpaid, but on the contrary was untrue, incorrect, and had been paid; and that the defendant in making oath to said account acted willfully and corruptly, states a public offense, and it was error for the court to sustain a motion to quash said indictment upon the ground that it does not state an offense.

*Appeal from Finney District Court.*

PROSECUTION for perjury. At the May term, 1889, the court sustained a motion to quash the indictment. *The State* appeals. The opinion states the facts.

*John N. Ives,* attorney general, and *H. F. Mason,* county attorney, for The State.

*Hopkins & Hoskinson,* for appellee.

Opinion by STRANG, C.: In this case the grand jury of Finney county, Kas., found an indictment against the defendant, J. W. Gregory, charging him with the crime of perjury in taking the following oath, attached to an account against the county of Finney, in favor of the *Garden City Sentinel:*

"COUNTY VOUCHER.—The county of Finney, in the State of Kansas,      To the *Garden City Sentinel,* DR.

| | | |
|---|---|---|
| September 27, 1886. To publishing election proclamation, Kansas, Texas & S. W. Rly | $1,106 | 30 |
| To publishing petition same | 444 | 75 |
| | $1,551 | 05 |

"STATEMENT.—Finney county, Kansas, ss.

"I do solemnly swear that I am the within-named claimant, and that I have had the means of knowing personally the facts therein set forth; that I have given credit to said county for all payments and offsets to which it is entitled; that the charges therein are the legal and ordinary charges for such services, dollar for dollar, and that the within account is just and correct, is due and unpaid. So help me God.

J. W. GREGORY.

"Sworn to and subscribed before me, this 17th day of November, 1888.      O. V. FOLSOM, *County Clerk.*"

Attached to said account and affidavit was a further itemized statement of the same account, and also copies of the proclamation and petition for the publication of which the account was rendered, with proof of their publication. When sworn to, the account was presented by the defendant to the county clerk, to be filed as a claim against said county of Finney. The indictment alleges that said statement so sworn to was not true; that an account for the same services had previously been presented to the board of county commissioners and allowed, and a warrant issued in payment therefor; that said charges were not the usual and ordinary charges for such services, but

were greatly in excess of the usual and ordinary charges for such services; that one item of $444.75, a part of said account, was not a proper or legal charge against said county under any circumstances; that the defendant, in taking said oath, acted unlawfully, feloniously, willfully, and corruptly. A motion to quash the indictment was presented to the district court and overruled. Trial by the court and a jury was had, resulting in a conviction of the defendant. Motions for a new trial and in arrest of judgment were argued and overruled. These motions were heard and passed upon August 1, 1889. August 19, thereafter, a new motion for a new trial was heard by the same court and sustained. Then a second motion to quash the indictment was entertained by the court, and this time it too was sustained. The state appeals, and the question is, Does the indictment charge an offense? We think it does. Section 148 of the crimes act reads as follows:

"Every person who shall willfully and corruptly swear, testify, or affirm falsely to any material matter, upon any oath or affirmation or declaration legally administered in any cause, matter, or proceeding, before any court, tribunal, public body or officer, shall be deemed guilty of perjury."

Counsel for defendant exhibit a good deal of industry and skill in the preparation of their brief in this court, but the result of their labor consists principally in technical objections to the indictment, with argument and citations in support of them, all of which is unsuited to the condition of things under our statutes. We have statutes providing for the presentation of claims against the counties of the state to the board of county commissioners of the respective counties for allowance and payment. Such statutes provide that claims so presented shall be accompanied by a statement that the charges therein are the legal and ordinary charges for the kind of services for which the claim is made; that credit has been given the county for all payments thereon, and for all offsets which the county has a right to recoup against the same; and that the account is just and correct, is due and unpaid. The statute also provides that this statement must

be verified upon the oath of the claimant. The indictment charges, and counsel for defendant admit in their brief, that the defendant made out a claim against the county of Finney for services rendered the county, and attached thereto the statement required by law, and swore to the same before the clerk of the county, who is *ex officio* the clerk of the board of county commissioners, and filed said statement with said clerk, to be presented to the board of county commissioners, to be acted on by them when they should meet. We think, when this was done, if done willfully and corruptly, the crime of perjury was accomplished. All argument that the oath was not in a material matter, that it was not taken in a judicial proceeding nor before a judicial tribunal, is unavailing in the presence of our statutes, which provide for the very thing to be done which was done, and also of § 148, above quoted, which provides that the oath may be taken before a public officer, and that if it is false and is made willfully and corruptly it shall constitute perjury.

The matter in connection with which the oath was taken was a claim against the county for the sum of $1,551.05. Can it be said that a claim for such an amount against the county is not a material matter? Or, can it be said that the oath to such a claim is not material to the claim, when the statute expressly provides that the claim shall be verified by oath? But it is said by counsel in their brief that the matter of the claim and oath thereto are not material, because the statement of the claim which was sworn to shows upon its face that it was barred by the statute relating to the presentation of claims against counties. We do not think this relieves the defendant from the result of his conduct in making and swearing to the claim, but, if material in this connection at all, should operate rather as an aggravation of the offense, since it necessarily admits an attempt on the part of the defendant to collect a claim that counsel say the board of county commissioners is by statute expressly prohibited from paying.

We think the information states an offense. It follows,

therefore, that the court committed error in sustaining the motion to quash.

It is recommended that the action of the court in quashing the indictment be reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.